# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| Cosby Siringi, | Civil Action No. |
| Plaintiff, | **4:24-cv-3008** |
| v. | JUDGE CHARLES ESKRIDGE |
| God is Dope, LLC, | |
| Defendant. | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT GOD IS DOPE, LLC AND MEMORANDUM IN SUPPORT THEREOF**

### I.   STATEMENT OF THE ISSUE BEFORE THE COURT

Plaintiff, **Cosby Siringi** moves the Court to enter default judgment under Fed. R. Civ. P. 55(b)(2) against Defendant God is Dope, LLC ("**God is Dope**" or "**Defendant**") because it has failed to appear, plead, or otherwise defend as provided by the Federal Rules and Plaintiff is entitled to judgment. The legal and factual bases supporting this Motion are set forth below and in Exhibit A in support hereof filed contemporaneously herewith.

### II.   INTRODUCTION

This is an action to recover for the unlawful actions of God is Dope as set

forth in Plaintiff's First Amended Complaint (Dkt. #6). Plaintiff brought this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA") and for § 305.053(a) of the Texas Business & Commerce Code. *See* Dkt. #6, at ¶ 1.2.

The TCPA prohibits telemarketing calls/text messages to consumer's residential phones after the consumer has requested to be placed on the company's internal do not call list.

Defendant sent 62 text messages to Plaintiff after Plaintiff opted out of receiving additional messages from Defendant. 47 CFR § 64.1200(d). Dkt. #6, at ¶ 7.9.

Plaintiff filed suit on August 12, 2024, against Defendant for such violations. Plaintiff filed an Amended Complaint on August 20, 2024. *See* Dkt. #6. The summons and First Amende Complaint were served on Defendant's registered agent on August 26, 2024. *See* Dkt. #9. Defendant has failed to appear, plead, or otherwise defend in this action for more than 45 days. The Clerk entered the Entry of Default on December 13, 2024 (Dkt. #14). Plaintiff is now entitled to judgment.

### III.   FACTS

1. Plaintiff is the owner and user of the following cellular residential telephone numbers:

    a. Cosby Siringi – 936-662-8927. Dkt. #6, at ¶¶ 7.1 -7.3.

2. Plaintiff is the "called party" with respect to the calls placed to his residential cellular telephone number. *See* 47 U.S.C. §227 (b)(1)(A)(iii). Each of the text messages at issue were sent to Plaintiff's residential cellular telephone number. Dkt. #6 ¶ 7.11-12.

3. Plaintiff received 62 text messages from Defendant. Each text message was received after Plaintiff opted out from receiving text messages from Defendant. Dkt. #6 ¶ 7.9.

4. The text messages were for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. Dkt. #6 ¶ 7.11.

5. Plaintiff filed this action on August 12, 2024 (*see* Dkt. #1), to recover for the unlawful actions of Defendant. Defendant was properly served with a copy of Plaintiff's First Amended Complaint in this cause on August 26, 2024. *See* Dkt. #9. Pursuant to Federal Rule 55(a), the Clerk entered the Entry of Default against Defendant on December 13, 2024, as Defendant has failed to plead or otherwise defend in this matter. *See* Dkt. #14; Fed. R. Civ. P. 55(a).

## IV.   STANDARD OF REVIEW

In *McCune v. Zhongyiqun*, No. 4:22-CV-00604-O, 2023 WL 2912483, at *2 (N.D. Tex. Apr. 12, 2023), the Court set forth the details regarding securing a default judgment against a defendant who has failed to appear as follows:

>Rule 55 of the Federal Rules of Civil Procedure governs the entry of default and subsequent default judgment. The Court may only enter a default judgment upon the completion of three steps. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, the defendant must *default* by failing to plead or otherwise respond to the complaint within the time required by the Federal Rules. *Id.* Next, the Clerk must *enter default* when the plaintiff establishes default by affidavit or otherwise. *Id.* Last, the plaintiff must ask the Court for entry of a *default judgment*. Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

*Id.* at *1.

In *McCune* the court set forth this circuit's considerations for determining whether default judgment should be entered.

First, the Court considers whether entry of default judgment is procedurally appropriate by weighing a non-exhaustive list of six factors: (1) whether there are disputed material issues of fact; (2) whether a good faith mistake or excusable neglect caused the default; (3) whether there has been substantial prejudice; (4) the harshness of a default judgment; and (5) whether the grounds for a default judgment are clearly established; and, though not applicable in this case, (6) whether the defendant's motion would oblige the Court to set aside the default.

Second, the Court assesses the merits of the plaintiff's claims and the sufficiency of the complaint. And third, the Court resolves any remaining issues regarding the requested amount of damages, if any, and other relief requested.

In making its determinations, a court is obliged to accept as true all well pleaded allegations of fact in the complaint. *McCune at *2*. Indeed, the Fifth Circuit has long established that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact." *Nishimatsu Constr. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1995).

V.   **DISCUSSION OF DEFAULT JUDGMENT**

A.   **Elements of cause of action.**

To state a claim for a defendant's purported violation of the TCPA by failing to honor a plaintiff's earlier opt-out request, a plaintiff must allege that: (1) more than one telephone call was made to her within any 12-month period; (2) the calls were made for the purpose of encouraging the purchase or rental or, or investment in, property, goods, or services; (3) the calls were made by or on behalf of the same entity; (4) the telemarketing entity failed to honor the recipient's prior do-not-call request; (5) and the calls occurred within a reasonable time after the date her do-not-call request was made. *See Ford v. NaturaLawn of Am., Inc.*, No. CV 24-354 PJM, 2024 WL 3161762, at *7 (D. Md. June 25, 2024); *Cleveland*, 2024 WL 198212, at *1, 2024 U.S. Dist. LEXIS 9679, at *8 (citing 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(d)(3)).

Section 305.053(a) of the Texas Business & Commerce Code, states that a person who receives a communication that violates 47 U.S.C. § 227, or a regulation

adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both.

### B. There are no issues of material fact.

In the case at hand, the facts asserted in the complaint are well-pled. By failing to answer the complaint, the Defendant admits the well-pleaded factual allegations therein and "is barred from contesting on appeal the facts thus established." *Nishimatsu Const. Co.,* 515 F.2d at 1206. Once the Defendant is in default, the Court must accept as true all facts set forth in the complaint aside from those relating to damages. *See Frame v. S–H, Inc.,* 967 F.2d 194, 205 (5th Cir.1992).

### C. There is no substantial prejudice or harshness of default judgment for Defendant.

The Defendant has not answered the operative complaint or otherwise defended this matter, after being properly served, nor have they indicated that they will appear or otherwise respond. Taking the well-pled facts of the complaint as true, the Plaintiff has asserted meritorious causes of action based upon the Defendant's test messages to Plaintiffs. *See* Dkt. #6, ¶¶ 7, 11, and 12.

The Defendant has clearly opted not to appear after ample notice and has failed to answer the Plaintiffs' claims in any manner. This "dilatoriness and noncompliance establishes that any prejudice to the [Defendant] or harshness in

entering default is clearly outweighed by the prejudice to the [P]laintiff if the Court fails to enter judgment in the [P]laintiff's favor."

    **D.**    **The grounds for default are clearly established.**

The record in this case clearly shows that Plaintiff successfully perfected service of process on Defendant. *See* Dkt. #7. Defendant has not answered or otherwise responded to Plaintiff's operative Complaint. The Clerk entered his Entry of Default against Defendant on December 13, 2024. *See* Dkt. #14; Fed. R. Civ. P. 55(a). Plaintiff submits herewith an affidavit by his counsel outlining the statutory damages to be awarded. Exhibit A. *See Twist & Shout Music v. Longneck Xpress, N.P.,* 441 F. Supp. 2d 782, 784 (E.D. Tex. 2006)(if "the amount of the judgment can be reliably computed from the record, no hearing is necessary" and default judgment may be entered by the court); *J&J Sports Prods., Inc. v. Rivera,* CIV.A. H-13-902, 2014 WL 3533472, at *1 (S.D. Tex. July 14, 2014)("[A] default judgment may be entered if the plaintiff's claim is for a sum certain or a sum which can be made certain by computation; otherwise the court must hold a hearing **or review a demonstration by detailed affidavits where the damages are not . . . easily computed**.)(citations omitted)(emphasis added). This Affidavit, together with the well-pled Complaint, taken as true, establishes the damages to which the Plaintiffs are entitled. Thus, grounds for default are clearly established, and the Court may consider default judgment.

### D. There is no excusable neglect or good faith mistake.

Again, the Defendant was properly served notice of the First Amended Complaint and has "failed entirely to respond." Under these circumstances, the Court should find no good faith mistake or excusable neglect on Defendant's part. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

### E. There exist no facts in the record that would constitute good cause to set aside a default judgment.

From the evidence before this Court, including Plaintiff's counsel's declaration and the well-pled First Amended Complaint, taken as true, there exist no facts in the record "that would constitute good cause to set aside a default judgment" in this case. *J&J Sports,* 2014 WL 3533472, at *2. Thus, this Court should find that default judgment is appropriate here. *See id.*

## VI. DISCUSSION OF AND REQUEST FOR DAMAGES

### 1. Section 305.053(a) of the Texas Business & Commerce Code and the TCPA.

Damages under § 305.053(a) of the Texas Business & Commerce Code and under the TCPA are set by statute. Thus, Plaintiff seeks statutory damages.

Plaintiff seeks default against Defendant in the amount of $93,000.00 for the willful violations of the Texas Business & Commerce Code and the TCPA by

Defendant. 47 U.S.C. § 227(c)(5). This amount is comprised of $1,500.00 in statutory damages for each of 62 text messages that were willful violations of 47 CFR § 64.1200(d).

Section 305.053(a) of the Texas Business & Commerce Code, states that a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both. The statutory damages are $500 for each negligent violation and $1,500 for each willful violation. § 305.053(b)(c) of the Texas Business & Commerce Code.

The TCPA provides for a private right of action for violations of the TCPA's internal do not call provisions and further allows for a person claiming a violation of the TCPA to receive $500.00 in statutory damages for each such violation. *See* 47 U.S.C. § 227(c)(5). *Callier v. Debt Mediators, LLC*, No. EP-21-CV-278-DB, 2022 WL 1423622, at *3 (W.D. Tex. May 5, 2022)( Ultimately, the Court agrees with the majority based on the text and intent of the statute and regulations. It finds that § 64.1200(d) was promulgated under § 227(c) and thus is enforceable by Mr. Callier using the right of action found in § 227(c)(5).

The TCPA further provides that if the Court finds that the Defendant willfully or knowingly violated the TCPA, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the

amount available ($500.00) under 47 U.S.C. § 227(c)(5). In this action, the Plaintiff's' First Amended Complaint, taken as true, establishes that the Defendant violated the TCPA's internal do not call provisions on 62 separate occasions when it contacted Plaintiff via his residential cellular phone. Defendant contacted Plaintiff after Plaintiff had requested that all texts messages to him stop. Under similar circumstances courts have held that calls/text messages sent after a request to stop sending the same are willful violations. *King v. Time Warner Cable*, 113 F. Supp. 3d 718, 727 (S.D.N.Y. 2015) ("[Defendant] had knowledge through its agent that [plaintiff] did not consent to further robocalls[,] and [t]herefore, Defendant's subsequent calls were knowing violations and treble damages are appropriate.").

Additionally, courts treble the TCPA damages as an incentive for individuals to bring actions to stop the illegal calls. *See Miser, v. Empire Auto Protect, LLC*, No. 2:24-CV-1282, 2024 WL 4688940, at *5 (S.D. Ohio Nov. 6, 2024)(trebling statutory damages awarded under the TCPA to provide an incentive for aggrieved parties to file suit); *Charvat v. NMP, LLC*, No. 2:09-CV-209, 2012 WL 4482945, at *5 (S.D. Ohio Sept. 27, 2012) the purpose of the treble damages provision of the TCPA was more compensatory than punitive).

Plaintiff plead (and has accordingly established by obtaining a default) that the Defendant acted willfully and knowingly in violating the TCPA. Dkt. #6 ¶ 7.14. Accordingly, he is entitled to the maximum $1,500.00 for each violation under 47

CFR § 64.1200(d) (three times the $500 provided for in § 305.053(a) of the Texas Business & Commerce Code and in 47 U.S.C. § 277(c)(5).

A summary of the statutory damages is as follows:

|  | # of Text Messages | 47 CFR § 64.1200(d). | Total |
|---|---|---|---|
| Cosby Sigingi | 62 | $ 1,500.00 | $ 93,000.00 |

Plaintiff also seeks recovery of his costs in this matter, in the amount of $405.00. This sum is supported by the Declaration of undersigned. *See* Exhibit A.

As stated previously, if the amount of the judgment can be reliably computed from the record, no hearing is necessary, and default judgment may be entered by the Court. *Twist & Shout*, 441 F. Supp. 2d at 784. A default judgment may be entered if the Plaintiff's claim is for a sum that can be made certain by computation upon a review of detailed affidavits and other information put before the Court. *J&J Sports,* 2014 WL 3533472 at *1 (citations omitted). Plaintiff asserts that the information provided in the First Amended Complaint and in Exhibit A filed herewith (declaration of Mr. Miltenberger, counsel for Plaintiff) allows this Court to compute the damages to be paid to Plaintiff by Defendant.

## VII.   CONCLUSION

Although Defendant was properly served in this action, Defendant has failed to appear, plead, or otherwise defend in this matter. The Clerk entered the Entry of Default on December 13, 2024 (Dkt. #14). Plaintiff is now before this

Court and asks that his Motion for Default Judgment be granted, and judgment entered against Defendant in the amount of $93,000.00, together with costs incurred in the amount of $405.00, for a total of $93,405.00.

A proposed Order is included with this motion.

Respectfully submitted:

By: _/s/ Chris R. Miltenberger_
Chris R. Miltenberger
Texas State Bar Number 14171200
Designated as Lead Attorney

The Law Office of Chris R. Miltenberger, PLLC

1360 N. White Chapel, Suite 200
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Attorney for Plaintiff

### Certificate of Service

The undersigned certifies that today, the foregoing document was filed electronically through the Court's CM/ECF system in compliance with the Local Rules.

By: _/s/ Chris R. Miltenberger_
Chris R. Miltenberger